MICHIGAN CENTRAL RAILROAD CO. *v.* SAGINAW
MILLING CO.

CARRIERS—NON-RECOURSE CLAUSE—BILL OF LADING.
  Properly executed non-recourse clause in uniform order bill of
  lading providing that carrier should not make delivery without
  payment of freight and all other lawful charges *held*, to relieve
  consignor from liability for unpaid freight as result of inad-
  vertent undercharge where notify party surrendered original
  bills of lading and accepted shipment (49 USCA, § 1 *et seq.*).

Appeal from Saginaw; Martin (William H.), J.
Submitted June 13, 1935. (Docket No. 16, Calendar
No. 38,154.) Decided September 9, 1935.

Assumpsit in justice's court by the Michigan Cen-
tral Railroad Company against the Saginaw Milling
Company for balance due for freight charges. From
judgment in justice's court, appeal was taken to cir-
cuit court. Judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Anneke & Brooker,* for plaintiff.

*Nash & Nash,* for defendant.

BUSHNELL, J. Three cars of milled oats were
shipped from Michigan to various points in Virginia
under uniform bills of lading, on each of which de-
fendant, as shipper, signed the non-recourse clause.
This clause provides that the carrier shall not make
delivery without payment of freight and all other
lawful charges. In each instance the bill of lading
named a notify party upon whom a draft was drawn.

The shipments were all received and the drafts and freight charges paid in the amounts billed by the carrier. After delivery plaintiff discovered that the rates quoted and billed were inadvertently lower than the legal, applicable, published tariff in an amount totaling $306.10 on the three shipments. Suit against consignor for this difference resulted in a judgment of no cause of action.

Plaintiff contends that because defendant consignor shipped to its own order it is liable for the unpaid freight, despite the execution of the non-recourse clause, in that it is both consignor and consignee. It claims the identical question was decided in *New York Central R. Co.* v. *Union Oil Co. of Pennsylvania,* 53 Fed. (2d) 1066, involving shipments from Warren, Pennsylvania, to Ottawa, Canada, and that a similar question was raised in *Atchison, T. & S. F. R. Co.* v. *Hunt Bros. Fruit Co.,* 34 Fed. (2d) 582, on shipments from Kansas to Oklahoma.

The trial court held the execution of the clause in question imposed a duty upon the carrier not to deliver except in accordance therewith and defendant was relieved from liability. Such findings of law were based upon the implications of *Pennsylvania R. Co.* v. *Marcelletti,* 256 Mich. 411 (78 A. L. R. 923). There defendant made an interstate shipment on order bill of lading to himself as consignee, naming his buyer as "notify party." A mistake was made by the carrier in computing the applicable rate and we ordered a new trial for the reason that the non-recourse clause was not signed by the shipper.

In the instant case, when the notify parties surrendered the original order bills of lading and accepted the shipments, they became, so far as plaintiff was concerned, the consignees and liable for the freight charges. *Wabash R. Co.* v. *Bloomgarden,* 212 Mich. 410.

The *Union Oil Company Case, supra,* involved nine shipments, eight of which were prepaid by the shipper and the notify party of all shipments was a resident of Canada, where the interstate commerce act (49 USCA, § 1 *et seq.*) would not apply.   The non-recourse clause was not executed in the *Hunt Bros. Fruit Co. Case, supra.*   The purpose of the non-recourse clause is to relieve the consignor of liability and its presence in an order bill of lading, when properly executed, should be given effect.   The carrier and the shipper are left free to contract subject to the rule which prohibits discrimination. *Louisville & Nashville R. Co.* v. *Central Iron & Coal Co.,* 265 U. S. 59 (44 Sup. Ct. 441), and *King* v. *Van Slack,* 193 Mich. 105.

The judgment is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.